Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROSELIO ROSARIO SANCHEZ,

    *Plaintiff*,

-against-

EL CLUB VALLE RESTAURANT CORP., 219 DOMINICAN VALLE CORP., 352 EL CLUB VALLE RESTAURANT CORP., ORLANDO VASQUEZ a/k/a JOSE ARAMBOLES VASQUEZ and JAIME PARRA

    *Defendants.*

-----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No.: 20-cv-10584**

  ROSELIO ROSARIO SANCHEZ ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against EL VALLE RESTAURANT CORP D/B/A EL VALLE, 219 DOMINICAN VALLE CORP, 352 EL CLUB VALLE RESTAURANT CORP., JOSE ORLANDO VASQUEZ a/k/a JOSE ARAMBOLES VASQUEZ and JAIME PARRA (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

  1. Plaintiff is a former employee of El Valle restaurant at 352 East Gun Hill Road Bronx, NY 10467 and El Meson at 3815 White Plains Road Bronx, NY 10467 that are restaurants owned and operated by Defendants JAIME PARRA, ORLANDO VASQUEZ, EL VALLE RESTAURANT CORP D/B/A EL VALLE, 352 EL CLUB VALLE RESTAURANT CORP and 219 DOMINICAN VALLE CORP.

1

2.      Defendants own, operate, and/or controlled a restaurant called El Valle at 352 East Gun Hill Road Bronx, NY 10467 and El Meson located at 3815 White Plaintiffs Road Bronx, NY 10467.

3.      Plaintiff was employed by Defendants as a delivery person and general laborer.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.      Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.      Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff ROSELIO ROSARIO SANCHEZ ("Plaintiff ROSARIO") is an adult individual residing in Bronx County, New York. Plaintiff ROSARIO was employed by Defendants from approximately February 2016 through March 2020 and the again from May 29th, 2020 until June 12, 2020.

10. EL VALLE RESTAURANT CORP D/B/A EL VALLE is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 352 East Gun Hill Road Bronx, NY 10467.

11. 219 DOMINICAN VALLE CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 3815 White Plains Road Bronx, NY 10467.

12. 352 EL CLUB VALLE RESTAURANT CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 352 East Gun Hill Road Bronx, NY 10467.

13. Defendant JAIME PARRA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JAIME PARRA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

14. Defendant JAIME PARRA possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporation.

15. Defendant JAIME PARRA had the authority to hire and fire employees.

16. Defendant JAIME PARRA had the power to control of the payroll practices of Defendants.

17. Defendant JAIME PARRA initially hired Plaintiff.

18. Defendant JAIME PARRA issued pay to Plaintiff.

19. Defendant JAIME PARRA set Plaintiff's schedule.

20. Defendant JAIME PARRA had the power to enter into leases and other financial commitments on behalf of the Defendants' business.

21. Defendant ORLANDO VASQUEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ORLANDO VASQUEZ is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

22. Defendant ORLANDO VASQUEZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23. Defendant ORLANDO VASQUEZ established the schedule for Plaintiff.

24. Defendant ORLANDO VASQUEZ supervised the employees and daily operations, including Plaintiff.

25. Defendant ORLANDO VASQUEZ had the authority to hire and fire employees and did indeed hire and fire employees for EL VALLE including Plaintiff.

26. Defendant ORLANDO VASQUEZ directed Plaintiff's tasks and work on a daily basis.

27. Defendant ORALNDO VASQUEZ issued pay to Plaintiff ROSARIO.

28. Defendant ORLANDO VASQUEZ controlled and/or supervised the payroll practices of EL VALLE and EL MESON during Plaintiff's employ.

## FACTUAL ALLEGATIONS

29. Defendant JAIME PARRA possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

30. Defendant ORLANDO VASQUEZ possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other.

32. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

33. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff.

35. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

36. Upon information and belief, in each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at each El

Valle and El Meson such as alcohol, French fries, potatoes, breads, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

38. Plaintiff was individually engaged in interstate commerce.

*Plaintiff ROSELIO ROSARIO SANCHEZ*

39. Plaintiff ROSARIO was employed by Defendants from approximately February 2016 through March 2020 and then again from May 29th, 2020 until June 12, 2020.

40. Throughout his employment with defendants, Plaintiff ROSARIO was employed at the EL VALLE and EL MESON as a delivery person and general laborer.

41. Plaintiff ROSARIO regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

42. Plaintiff ROSARIO' work duties required neither discretion nor independent judgment.

43. Plaintiff ROSARIO regularly worked in excess of 40 hours per week without a proper premium for his overtime hours.

44. Throughout his employment, Plaintiff ROSARIO typically worked six (6) days per week at the following typical schedule:

   a. Monday: 10:00 A.M. until between 4:00 P.M. and 6:00 P.M.

   b. Tuesday: Typical Day Off

   c. Wednesday: 10:00 A.M. until between 4:00 P.M. and 6:00 P.M.

   d. Thursday: 10:00 A.M. until between 4:00 P.M. and 6:00 P.M.

   e. Friday: 10:00 A.M. until between 11:00 P.M. and 12:00 P.M.

   f. Saturday: 10:00 A.M. until between 11:00 P.M. and 12:00 P.M.

   g. Sunday: 10:00 A.M. until between 11:00 P.M. and 12:00 P.M.

45. Defendants paid Plaintiff $10.00 per hour including the hours he worked over 40 in a single week.

46. Plaintiff worked primarily as El Valle but, at the direct request of the Defendants, worked shifts at El Meson, another restaurant owned and controlled by the Defendants, about five times per month starting towards the end of 2019.

47. For his shifts at El Meson, Defendants paid and treated those shifts as if they were at El Valle.

48. Defendants failed to provide notice, written or otherwise, that Defendants intended to take advantage of the tip credit or to apply any credits or deductions to Plaintiff's wages.

49. Defendants at times had Plaintiff spend the lesser of two hours or 20% of his shifts performing non-tipped work such moving inventory, breaking down boxes and other moving tasks.

50. No notification was given to Plaintiff ROSARIO regarding overtime and wages under the FLSA and NYLL.

51. Defendants never provided Plaintiff ROSARIO with each payment of wages a statement of wages, as required by NYLL 195(3).

52. Defendants never provided Plaintiff ROSARIO, any notice in English and in Spanish (Plaintiff ROSARIO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

55. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. At all times relevant to this action, Defendants were Plaintiff ROSARIO'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff ROSARIO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

61. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62. Defendants' failure to pay Plaintiff ROSARIO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff ROSARIO was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

67. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

68. Plaintiff ROSARIO repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff ROSARIO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

70. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff ROSARIO less than the minimum wage.

71. Defendants' failure to pay Plaintiff ROSARIO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff ROSARIO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

75. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

76. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL

§195(1).

79.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

80.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

81.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

82.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
December 15th, 2020

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*